CHARLES STODDARD & another *vs.* JOHN KIMBALL.

The maker of a note, indorsed for his accommodation for a special purpose, misapplied the same, by transferring it before it was due as collateral security for a debt, part of which he afterwards paid. It was held, that the party, to whom the note was so transferred, if he took it without notice of the misapplication, might recover of the indorser, in an action on the note, the unpaid balance of the debt thereby secured, but no more.

SHAW, C. J. This was a suit brought by the plaintiff as indorsee of a promissory note, against the defendant as in

dorser. The defence relied on was, that the defendant indorsed the note, at the request and for the accommodation of the maker, for a special purpose, that of taking up another note on which he was indorser, and that it was not so applied, but was negotiated to the plaintiffs, as collateral security for a debt due to them. The defendant also contended, that the plaintiffs, at the time of taking the note, had notice of the misapplication of the same, as above stated; but this fact was left to the jury, who found that the plaintiffs had no such notice.

It further appeared, that some payments had been made by the maker of the note to the plaintiffs, towards the discharge of the debt, for securing which to the plaintiffs this note was received, and also that the maker being insolvent, the plaintiffs proved this debt against his estate, and received a dividend.

The defendant contended, that if liable at all, he was liable only for the balance of the debt due the plaintiffs, if less than the amount of the note, and the judge, who tried the cause, so ruled, subject to the opinion of the whole court, and in case they should be of opinion, that the plaintiffs are entitled to recover the whole amount, the verdict is to be altered and amended accordingly.

We think the direction was right. An indorser of an accommodation note, passed by indorsement to a *bonâ fide* holder, in due course of business, is effectually bound to all the liability, to which, by law, the indorser of a business note is liable. He stipulates to take on himself the qualified obligation of one, who indorses and puts in circulation a note taken by himself for value in the course of business.

If indeed an accommodation note is obtained from another, by fraud, deception, or false practices, or having been obtained for one purpose, is fraudulently misapplied to another, and it is negotiated to one, even for value, with full notice of the fraud in obtaining or misusing it, he cannot recover; he is not a *bonâ fide* holder; an attempt to recover it would make him a partaker in the fraud; and the same would be true of a business note.

In the present case, it appearing that the note was negotiated to the plaintiffs before it was due, for a valuable consideration,

and the jury having found that they took it without notice of the misapplication by the maker, it is clear that they have a right to recover; and the only remaining question is, for what amount they may recover. In general, the holder of an indorsed note will be entitled to recover the whole amount of the face of the note, because the presumption of fact, in the absence of counter proof, is, that he gave the full value for it, or that he took it from some other holder for value,.to collect the amount, receive a certain part to his own use, and account to the party from whom he took it for the surplus. Having taken it to secure a preëxisting debt, of a less amount, he is a holder for value in his own right, only to the amount of the debt due him. If therefore it appears in proof, that the plaintiff is not accountable to any third person for any surplus, then there is no reason why he should recover any more than the balance of the debt, for which he is a *bonâ fide* holder for value Here, it appears that the plaintiff received this note of the maker, for whose accommodation the defendant indorsed it. It being obvious, that the plaintiff can recover nothing as trustee for the party from whom he received it, he is liable over to nobody for the surplus, and therefore can have judgment only for the amount due to himself, for his own use and in his own right, which is so much of the note as may be necessary to satisfy the balance of the debt, for the security of which he received it.

Judgment on the verdict for the plaintiff for the smaller sum.

*O. P. Lord,* for the plaintiffs.

*N. J. Lord,* for the defendant.